Cite as 2026 Ark. 99

# SUPREME COURT OF ARKANSAS

No. CV–26–206

| | |
|---|---|
| ARKANSAS STATE HIGHWAY COMMISSION<br><br>PETITIONER<br><br>V.<br><br>TRANSPORT REALTY, INC.; RUSSELL HILL, IN HIS OFFICIAL CAPACITY AS WASHINGTON COUNTY TAX ASSESSOR; ANGELA WOOD, IN HER OFFICIAL CAPACITY AS WASHINGTON COUNTY COLLECTOR; CERTAIN LANDS .37 ACRES, MORE OR LESS, IN WASHINGTON COUNTY, AND ANY PERSONS OR ENTITIES CLAIMING ANY INTEREST THEREIN<br><br>RESPONDENTS | Opinion Delivered: May 7, 2026<br><br>DISSENTING OPINION FROM THE DENIAL OF PETITION FOR WRIT OF PROHIBITION AND WRIT OF CERTIORARI. |

**NICHOLAS J. BRONNI, Associate Justice**

Respondent Transport Realty's section 1983 counterclaim is frivolous—and everyone knows it. We should grant the petition, say so, and move on.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983," and as such, a 1983 claim—like Respondent's counterclaim—against a state agency plainly fails. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Ark. Hwy. Police v. Mays*, 2026 Ark. 57, at 5, ___ S.W.3d ___, ___. Yet the circuit court entered a massive $5 million default judgment on Respondent's 1983 claim against a state agency.

That's not a reasonable misinterpretation of section 1983—it's a "plain, manifest, clear, and gross abuse of discretion." *Spencer v. State*, 2025 Ark. 91, at 6, 712 S.W.3d 296, 302 (standard for granting certiorari). And requiring the State to continue litigating a patently bad-faith claim serves no purpose beyond needlessly wasting resources and inviting others to try and hoodwink the taxpayers.

I respectfully dissent.

WOMACK, J., joins.